IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SONNY RAY HARDAWAY,

       Plaintiff,                        CV F 07 0204 LJO WMW   P

  vs.                                   AMENDED ORDER DISMISSING ACTION

C. LOCKARD, et al.,

       Defendants.

      Plaintiff is a state prisoner proceeding pro se in a civil rights action challenging the conditions of his confinement.

      On June 4, 2007, an order was entered, directing Plaintiff to show cause, within thirty days, why his application to proceed in forma pauperis should not be denied pursuant to 28 U.S.C. § 1915(g).  On July 27, 2007, Plaintiff filed a response to the court's order.

      The Prison Litigation Reform Act provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in a facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious injury." 28 U.S.C. § 1915(g).

         This plaintiff has, on 3 prior occasions, brought civil actions challenging the

1

conditions of his confinement. All three action were dismissed as frivolous, or for failure to state a claim upon which relief can be granted. <u>Hardaway v. Money</u>, CV S 01 0458 FCD DAD P; <u>Hardaway v. Wright</u>, CV S 01 0958 GEB DAD P; <u>Hardaway v. State of California</u>, CV S 06 0695 MCE PAN P.  Plaintiff is therefore not entitled to proceed in forma pauperis unless he alleges facts indicating that he is in imminent danger of serious physical injury.  There are no such facts alleged in this case. Plaintiff claims that Defendants interfered with a telephone call that Plaintiff was involved with.  Plaintiff claims that since the telephone call was a court ordered call, Defendants interfered with his access to the courts. Plaintiff has not specifically charged any individual defendant with facts that meet the standard set forth in section 1915(g).

Accordingly, on August 6, 2007, findings and recommendations were entered, recommending that:

1. Plaintiff's application to proceed in forma pauperis be denied pursuant to 28 U.S.C. § 1915(g).

2. Plaintiff be directed to submit, within thirty days of the date of service of this order, the $350 filing fee in full.  Plaintiff's failure to do so will result in dismissal of this action pursuant to Local Rule 11-110 for failure to obey a court order.

On September 4, 2007, Plaintiff filed objections to the findings and recommendations. Plaintiff's objections, though lengthy, failed to address the specific finding that he is ineligible to proceed in forma pauperis. Plaintiff did not indicate how he alleged any facts that satisfy the standard set forth in section 1915(g). Plaintiff's argument consisted of complaints regarding a criminal investigation that he was the subject of, along with his argument that black prisoners are subjected to slavery.

On September 27, 2002, an order was entered by the District Court, adopting the findings and recommendations of the Magistrate Judge. Plaintiff was denied leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g), and directed to submit the filing fee, in full,

within thirty days.  Plaintiff was specifically cautioned that his failure to do so would result in dismissal of this action for failure to prosecute.  The thirty day period in which to submit the filing fee has passed and Plaintiff has not complied with the Court's order.

Accordingly, IT IS HEREBY ORDERED that this action is dismissed, without prejudice, for Plaintiff's failure to prosecute.  The Clerk is directed to close this case.

IT IS SO ORDERED.

**Dated:**   November 2, 2007                    /s/ Lawrence J. O'Neill
                                                          UNITED STATES DISTRICT JUDGE